# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No.: 2:12-CV-4044-VEH** |
| | ) |
| **STATE OF ALABAMA, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## **MEMORANDUM OPINION**

The magistrate judge filed a report and recommendation on January 15, 2015, recommending that the defendants' motion to dismiss be granted and that this action be dismissed. (Doc. 16). The plaintiff has filed a document entitled "Plaintiff's Objection to Proposed Findings and Recommendations." (Doc. 17). Importantly, the plaintiff's filing is actually not an "objection" at all. It cites no error in the report and recommendation. It objects to no finding contained therein.

It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See, e.g.*, *U.S. v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not

being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410, n. 8 (5th Cir.1982 Unit B).[1] "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id*. (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations <u>to which objection is made</u>." 28 U.S.C. § 636(b)(1)(C) (emphasis added). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).

---

[1]The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006).

Having carefully reviewed and considered de novo all the materials in the court file, including the report and recommendation, and the purported "objections," the Court is of the opinion that there is no clear error, and the magistrate judge's report is due to be and is hereby **ADOPTED** and her recommendation is **ACCEPTED**. Accordingly, defendants' motion to dismiss is due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE**.

The plaintiff has sought leave to amend to add "Attorney General Strange in his official capacity." (Doc. 17 at 4). That request is **DENIED**. First, the court determines that leave to amend would be futile as the Eleventh Circuit has held that ASORCNA is not unconstitutional, even when applied retroactively. *See, Windwalker v. Governor of Alabama*, 579 F. App'x 769, 775 (11th Cir. 2014). Second, the instant case is over three years old, and the plaintiff has not shown why he has not moved for leave to amend earlier. If the plaintiff wishes to bring an action against the Attorney General, he is free to due so via the filing of a new action. Since the plaintiff alleges a continuing violation, there should be no statute of limitations issues in bringing a new case.

A final order will be entered.

**DONE** and **ORDERED** this 4th day of March, 2015.

*/s/ VEHopkins*
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge